## JOSHUA E. WOODS v. NAT PARKER.

In defense to a suit on a promissory note payable in any current bank paper or treasury notes of the State of Texas, the defendant pleaded that at the making and maturity of the note the only currency in circulation in this State was Confederate States paper money, or Confederate States notes, and treasury notes or warrants issued by and under the authority of the State of Texas, and that those notes and warrants were worth but ten cents on the dollar; and he claimed a deduction accordingly. *Held* to be no defense. The appellant would have been discharged had he paid the note when it fell due in treasury warrants of the State of Texas, or even in Confederate money, had the holder seen fit to receive that in payment; but he is now bound to pay the note in the legal currency of the country.

APPEAL from Hunt. Tried below before the Hon. W. H. Andrews.

There is no occasion for a statement of the facts.

No briefs for either side have reached the hands of the Reporter.

OGDEN, J.    This suit was instituted on the following instrument in writing, viz. :

" On or before the 25th day of December, A.D. 1864, I prom-
" ise to pay Jacob Stover two hundred dollars in any current
" bank paper, or State treasury notes of the State of Texas, to
" bear ten per cent. from the 25th day of December, 1863, until
" paid.

           (Signed)                " J. E. WOODS."
" This 16th day of April, 1863.

On the 23d of June, 1866, the above note was indorsed and transferred to Nat Parker, the appellee, who brought suit on the same, and obtained a judgment for the full amount of the note, less a credit of something over one hundred dollars which had been paid to Stover before the transfer; and the defendant Woods has appealed.

The only defense to the note in the District Court was, that at the making and maturity of the note, the only currency in circulation in this State was Confederate States paper money or Confederate States notes, and the treasury notes or warrants issued by and under the authority of the State of Texas, and that those notes and warrants were worth but ten cents on the dollar; and defendant claimed a deduction on the note sued on accordingly.

We discover no reference in the note sued on to Confederate money, nor any currency issued by the so-called Confederate States; on the contrary, the note on its face shows that it was payable in current bank paper or State treasury notes.    Perhaps, if appellant had paid the note when it became due, he might have discharged it in the Texas State treasury warrants; or even in Confederate money, had the holder seen fit to receive that in payment.    But he failed to pay the note when it became due, and he may now be compelled to pay it according to its

legal import, and that is, in the legal currency of the country. With this view of the law of the case, the court did not err in its charge to the jury, nor in refusing to grant a new trial. The judgment is therefore affirmed.

Affirmed.